IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS-DIVISION

22,735-47

Alfred lee STONE
PETITIONER,

CAUSE NO.

RECEIVED IN
COURT OF CRIMINAL APPEALS
JUL 21 2015
Abel Acosta, Clerk

V.

THE COURT OF Criminal Appeals
RESPONDENT,

PETITION FOR Review

IN PURSUANCE TO FED. R. CIV. PROC. R. ___ THE PETITIONER REQUEST OF THIS U.S. DISTRICT COURT TO REVIEW THE Order OF THE COURT OF Criminal Appeals THAT WAS ENTERED ON __/__/15.

Alfred lee STONE 899665
PETITIONER,
ESTELLE UNIT
264 FM 3478
Huntsville TEXAS 77320

CC: COURT OF Criminal Appeals
OF TEXAS
P.O. BOX 12398
CAPITOL STATION
AUSTIN TEXAS 78711

1.

# List of Parties

Alfred lee Stone 599665
Estelle Unit
264 FM 3478
Huntsville Texas 77320

Court of Criminal Appeals of Texas
P. O. Box 12308
Capitol Station
Austin Texas 78711

The Court of Appeals
Fifth District of Texas at Dallas
George l. Allen Sr. Courts Building
600 Commerce Street. Suite 200
Dallas Texas 75202

# Table of Contents

PAGE

1. Identity of Parties ........................... 2

2. Table of Contents ........................... 3

3. Index of Authorities ........................ 4

4. Statement of the Case ..................... 5

5. Issue presented ............................. 5

6. Statement of Fact .......................... 5

7. Statement of Jurisdiction ................. 5

8. Summary of Argument ................... 6

9. Argument

       Ground-one ........................... 7-10

10. Prayer ....................................... 11

   • Certificate of Service ................... 11

   Appendix .................................... 12

      (A) The Court of Criminal Appeals
      Memorandum-Opinion ................ 13

      (B). The Original Mandamus. ............

      (C) The Request to Respond to the
      Mandamus. .................................

      (D). The Appellants Direct Appeal
      Brief. .......................................

      The Statement of Facts From
      Cause No. F-91-42452-WT.

# Table of Contents

page

Appendix

(D). THE Trial Transcript - From F91-
42452 NT.                                    ___

THE 5TH Count Of Appeals
Memorandum Opinion.                          ___

Any ADMONISHment - Hearings ___

And Other Orders. Hearings.

OPINIONS THAT WAS Entered by

THE 5TH Count OF Appeals.          ___

(3 B)

# Index of Authorities

## Case

| | Page |
|---|---|
| 1. Armstrong, 380 US 545. | 7, 9-10 |
| 2. Bunn 139 F 3d 513. | 7 |
| 3. Fraser 552 S.W 2d AT 994. | 8 |
| 4. Joseph 731 S.W 2d AT 598. | 9 |
| 5. McHane 339 U.S. 306. | 8, 10 |
| 6. Villarreal 970 S.W 2d 275. | 8 |
| 7. Rainwater 634 S.W 2d AT 68. | 9 |
| 8. Rudd 616 S.W 2d 623. | 9 |
| 9. Sheldon 765 S.W 2d 843. | 8 |
| 10. Webb 533 S.W 2d 780. | 10 |

## Others

| | |
|---|---|
| 1. V.T.C.A. Goviment Code § 22. 221 (A) Vernon (1988). | 8 |

## U.S. Const.

| | |
|---|---|
| 1. U.S.C.A. Const. Amend. 14TH. | 10 |
| 2. U.S.C.A. Const. Amend. 5TH. | 10 |

## Tex. Const.

| | |
|---|---|
| 1. Tex. Const. Art. I § 19. | 10 |
| 2. Tex. Const. Art. I § 10. | 10 |
| 3. Tex. Const. Art. 5 § 5. | 8 |

## STATEMENT OF THE CASE

ON ON ABOUT THE 4/17/15 THE PETITIONER FILED AND ORIGINAL APPLICATION FOR WRIT OF MANDAMUS INTO THE COURT OF CRIMINAL APPEALS AGAINST THE FIFTH COURT OF APPEALS AT DALLAS FOR THERE FAILURE TO WITH DRAW THERE MANDATE. AND THERE AFTER THE COURT OF CRIMINAL APPEALS DISMISSED THE APPLICATION ON 06/___/15 AND THE PETITIONER FILED FOR A MOTION FOR REHEARING/ RECONSIDERATION ON THE 6/15 AND THE MOTIONS WERE DISMISSED ON 6/22/15. SO NOW THE PETITION IS BEFORE THIS COURT TO CHALLANGE THE COURT OF CRIMINAL APPEALS DISMISSAL OF HIS APPLICATION FOR MANDAMUS.

## ISSUE PRESENTED

1. DENIAL OF DUE PROCESS.

## STATEMENT OF FACT

THE PETITIONER WAS INTITLED TO A HEARING TO PRESENT HIS OBJECTION TO AVOID THE COURT OF CRIMINAL APPEALS DISMISSAL WITHOUT A WRITTEN ORDER.

## STATEMENT OF JURISDICTION

THIS COURT HAS JURISDICTION UNDER FED. R. CIV. PROC. R ___.

(5)

# SUMMARY OF THE ARGUMENT

THE Memorandum-Opinion Entered by THE Court of Criminal Appeals is in Violation of the procedural-due process clause because the PETITIONER WAS NOT Given And opportunity to present His objection to Avoid the Dismissal with out A written order Result. Such As A Hearing.

Especially Here in A Factually ilegal complicated situation in which the Evidence And the law That supports it is in Favor of the petitioner Claim.

## Ground-One
## Denial of due process of law
### Supporting-Facts

The Court of Criminal Appeals Has Dismissed the Petitioner's Original Proceedings. Namely Mandamus With Out A Hearing. And This Caused A Procedural-due-process Violation under the 5th, 14th U.S.C.A. Const. Amend. See Burns 139 F3d 513, Armstrong v Manzo 380 us 545 Also see Exhibit A Tex. Const. Art. I § 19

### Standard of Review

A Procedural-due-process Violation Occurs When A Trial Or Appeals Court Denies Notice And The Opportunity to be Heard At A Meaningful-Time And in A Meaningful Manner. See Armstrong v Manzo 85 S. Ct. At 1191 380 us 545 E.g. Mulhane 399 U.S. 306 US.CA Const. Amend 5th, 14th Tex. Const Art. I § 19.

### Application of Standard

Here The Court Of Criminal Appeals Memorandum-Opinion denies The Petitioner's Original Writ Of Mandamus With Out A Hearing And An Expressed Written Reason. See Appendix ___.

For not exercising its jurisdiction to en Force the 5th Court of Appeals to Respond to the Original Writ of Mandamus. see Appendix ___.

So that both the Petitioner and the Court of Criminal Appeals dont Have to Guess the Reason why the 5th Court of Appeals want withdraw it's Mandate Against Him. see Sheldon 765 S.W. 2d 843.., Fraser 552 S.W 2d At 594.., Joseph 731 S.W 2d At 548.

While Having the Jurisdiction to do so see V.T.C.A. Government Code § 22.221 (A) (Vernon 1988).. Tex. Const. Art 5 § 5

Amounts to A due process violation because the Judgment Entered denied the Petitioner of the Elementary And Fundamental-Requirement of due process As in Any Proceeding which is to be Accorded Finality.

Such As the Opportunity to Present His Objections to Avoid that Result. see Villarreal 970 S.W 2d 275.., Mullane 339 U.S. 306, Armstrong 380 US 545.

by means of A Hearing.

## Ground Two
## denial of Due process of law
## supporting facts

THE FiFTH Court of Appeals of Texas at Dallas Dismissed THE Appellant Original Direct-Appeal-Brief THAT WAS Filed by His Attorney on ___/___/___ in Cause No. 05-91-1392 CD After THE Appellant Filed His own pro-se-Brief in Addition to THE brief Filed by His Counsel on ___/___/___. see Rainwater 634 S.W. 2d AT 68.

There After THE Court of Appeals Entered There Memorandum opinion Based on THE pro-se-Brief. But since There is No Right to Hybrid-Representation on Appeal, THE pro-se-brief presented Nothing for Review. see Rudd v State 616 Sw 2d 623 Tex. Cr. App. 1981 So THE Appeal was Meaningless After THE dismissal of THE Original Direct Appeal brief.

## standard of Review

procedural due process occurs when A Trial or Appeals Court Denies Notice or THE opportunity to be Heard At A Meaningful Time And in A Meaningful Manner. see Armstrong v Ma-

N2d 85 S.CT. AT 1191 380 US 545 E.G. Mullane 399 US 306 U.S.C.A. CONST. Amend 5th 14th. TEX CONST. Art I §19 §10.

## Application of Standard

THE 5th COURT OF Appeals Violated THE Appellant due process Rights by Ruling on THE pro-se brief in stead of THE Direct Appeal brief filed by His Counsel. beCause THE pro-se brief WAS NOT properly Presented before THE Court Of Appeals for Review. SEE Webb V STATE 533 s.W 2d 780.

So. THE Direct Appeal WAS NOT Meaningful. I.O. Armstrong.

And Even if THE Appellant's pro-se-brief WAS properly presented before THE Court Of Appeals. THE Court Would be Forced To: "Admonish the Appellant so HE Could make A Knowing. intelligent And Voluntary waiver of His Right to Assistance of Counsel And THE Right to Appeal pro-se." Tex. Const. Art. I §10 . §19. U.S.C.A. Const. Amend. 5th 14th SEE OTIS Webb V STATE 533 SW 2d 780.

(11)

## Prayer

THAT THIS COURT ENFORCE THE COURT OF CRIMINAL APPEALS TO HOLD A HEARING ON HIS ORIGINAL MANDAMUS PROCEEDING AND REQUEST THE FIFTH COURT OF APPEAL TO RESPOND ON THE ORIGINAL-MANDAMUS APPLICATION.

## Certificate Of Service

I Alfred Lee Stone Petitioner do Hereby Certify THAT A True Copie OF THE PETITION For Review Has been u.s. Mailed To: U.S. District Clerk. U.S. District Court Northern District OF Texas 1100 Commerce St. Room 1452. Dallas Texas 75242 On This 13 day OF July 20 15.

Alfred Lee Stone
PETITIONER

# Appendix

## (A)
## THE COURT OF CRIMINAL APPEALS
## Memorandum - Opinion